GRIFFIN, Judge,
dissenting.
This juvenile was adjudicated delinquent on March 29,1994 for the offenses of possession of cocaine, a third degree felony, and sale of cocaine, a second degree felony. Within the preceding eighteen months, he had had four prior adjudications: two for delivery of cocaine, one for possession of cocaine and one for resisting an officer without violence. He was on community control at the time of his two most current felonies. He was placed on home detention pending disposition. At his dispositional hearing on April 14, 1994, the court committed him to the Department of Health and Rehabilitative Services, at level four. At his counsel’s request, the court continued him on home detention pending placement.
*1076 On appeal, it is contended that, despite counsel’s request, the lower court acted illegally in continuing home detention because the court failed to make any of the findings set forth in section 39.042(1), Florida Statutes (1993), that the child:
(a) Presents a substantial risk of not appearing at a subsequent hearing;
(b) Presents a substantial risk of inflicting bodily harm on others as evidenced by recent behavior;
(c) Presents a history of committing a serious property offense prior to adjudication, disposition, or placement;
(d) Requests protection from imminent bodily harm.
The state, in light of R.W. v. Soud, 639 So.2d 25 (Fla.1994), concedes error.
It is by now clear that the detention provisions of part II of Chapter 39 are beyond redemption. With each legislative amendment and every judicial opinion it seems to get worse. If the Florida legislature cannot write a statute that is understandable in any consistent and logical way by educated people who are trying to understand and follow the law, and workable in the context of the caseloads of Florida’s juvenile judges, it should be scrapped entirely and someone should start over.